Curia, per

O’Neaul, J.
In this case, we think the Judge might very well have granted the motion for a non-suit.. For there certainly was no sufficient evidence of conversion. There is no proof that the defendant ever was in possession of the slaves; it is clear that they were bought by another, and are now in the possession of a third person. How, under these circumstances, a conversion can be inferred from a mere demand, it is difficult to conceive. A recovery in trover proceeds upon the notion that the defendant has used the plaintiff’s goods, and there *67 fore must pay the value and hire.. Hence the title of the plaintiff is vested in him. But .here the slaves are in the possession of a third person ; against him this recovery can have no effect, and the defendant will, before he can recover from him, be put to prove a paramount title. Such a consequence shews that there can be no legal conversion under the proof. The defendant’s answer, that he could not lose, because Farr’s estate must respond to him, is no evidence of conversion ; it is only, one of the many reasons presenting themselves to the defendant’s mind, why he thought he could not sustain eventual loss. It may be, that the defendant has some claim of property to the chattel, but it will not do to rest on conjecture; it ought to be proved.- Every citizen has the right to say, I demand the proof of an adverse title, and of my use of the thing. In the absence of proof he is to be regarded as above condemnation. That the defendant repeatedly continued this case, and asked a friend to collect testimony for him to meet the case on the merits, are no evidence of a conversion.
The first is too much the habit of litigation to afford any evidence on which a jury ought to build a verdict; the other is the effort of a defendarit to protect himself in any way which he can. The defendant might have been willing then to fight the battle for his brother, supposing him to be safe' on the merits; but afterwards finding he could not thus succeed, he might legally say, I abandon that position, and will throw off the responsibility from myself, inasmuch as I never converted the chattel. These views lead directly to a non-suit; but .inasmuch as the judge below refused the motion, and the jury found enough, as they supposed, to justify them in finding for the plaintiff, this court will not order a non-suitr For the plaintiff may possibly bring the conversion home to the defendant; and when we know that the plaintiff will be bound by the statute'of limitations, it makes us much more reluctant to non-suit the party than we otherwise would be.
. On another ground it is plain that the defendant ought to have a new trial. The plaintiff can only recover the value of James Thomas’s life estate, and hire from the conversion. The judge reports that the jury found a ver- *68 diet for the full value of the negroes and hire. This is a plain error in law, and for it the case must go back.
The argument of the plaintiff ,s counsell that the jury-found $800, a sum less than the value of the negroes, ■will not help him; neither will his supposition that this sum was given for the hire of the negroes from the sale in ’27, (16 years.) For as to the first, who can tell better than the presiding judge what standard of value the jury adopted ? As to the second argument, the defendant was only liable for hire from his supposed conversion.
The motion for a new trial is granted.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.